UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PATRICIA A SCHUMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-279 CAN |
| | ) | |
| PRINCIPAL LIFE INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On June 5, 2009, Plaintiff, Patricia A. Schumacher ("Schumacher"), filed her complaint against Principal Life Insurance Company ("Principal"), in St. Joseph County Superior Court. At the time, Schumacher was a resident of Indiana. However, four days later, on June 9, 2009, Schumacher moved to Cass County, Michigan, near the Indiana-Michigan state border.

In her complaint, Schumacher seeks a declaratory judgment that she is entitled the proceeds of a life insurance policy. Specifically, Schumacher contends that Principal issued a life insurance policy to her ex-husband, David C. Steen ("David Steen"), and Schumacher claims that she is the listed beneficiary of the policy. On October 30, 2008, David Steen died. As such, Schumacher asserts that she is now entitled to payment of the policy proceeds.

In the complaint, Schumacher indicated that she intended to rely upon Minnesota and Michigan law to support her theory of entitlement to the life insurance proceeds. Schumacher's complaint did not, however, suggest that her claim was based upon the federal Employee Retirement Income Security Act ("ERISA").

On June 19, 2009, Principal, an Iowa-based corporation, removed this case to this Court, alleging that subject matter jurisdiction was proper based upon both diversity of citizenship,

noting that the policy proceeds exceeded $75,000, and also federal question, contending, for the first time, that resolution of the case would implicate ERISA's statutory provisions. Thereafter, on July 15, 2009, Principal answered and filed an third party complaint for interpleader relief against Schumacher and Carl David Steen ("Carl Steen"). Principal added Carl Steen as a party to this litigation because a dispute had arisen between Schumacher and Carl Steen over the payment of the policy proceeds, following the death of David Steen.

Carl Steen is the father of the deceased David Steen and is a resident of the state of Michigan. On April 15, 2007, David Steen requested that Principal change the ownership of the life insurance policy to his father, Carl Steen. Thereafter, on May 22, 2008, Schumacher and David Steen divorced. Despite holding ownership of the policy after the divorce and at the time of David Steen's death, Carl Steen did not change the designated beneficiary's name on the policy, leaving Schumacher as the designated beneficiary at the time of David Steen's death. Carl Steen is, therefore, the owner but not the named beneficiary of the disputed life insurance policy.

On August 8, 2009, Schumacher filed an answer and cross claim against Carl Steen, indicating that she was entitled to an affirmative defense against any claims made by Carl Steen to the policy proceeds, under relevant ERISA provisions. On August 26, 2009, Carl Steen filed a answer, arguing that he was entitled to the policy proceeds under Minnesota laws concerning divorce. In addition, on the same day, Carl Steen filed a cross claim against Schumacher, alleging that Schumacher had entered into a contract with Carl Steen to place the policy proceeds in trust for Schumacher's son, David Mack Steen.

David Mack Steen is the only child from the marriage between Schumacher and David Steen, and Schumacher holds sole physical and legal custody over David Mack Steen. Carl Steen alleges that, pursuant to the parties' agreement to place the proceeds in trust for David Mack Steen, he had hired an attorney to draft trust documents and, thereby, incurred substantial attorneys' fees. Carl Steen argues that, when Schumacher subsequently declined to place the policy proceeds into the trust on David Mack Steen's behalf, Schumacher breached the contract between the parties.

On August 25, 2009, Principal filed a motion, with consent of all parties, to allow Principal to deposit the proceeds of the disputed life insurance policy and to permit dismissal of Principal from the action. On August 26, 2009, District Court Judge Philip Simon granted the parties' motion, leaving only Schumacher and Carl Steen, both Michigan residents, as parties to this action.

On August 26, 2009, the same day that this Court granted Principal's motion for interpleader relief, Carl Steen filed a motion to transfer this case to the Western District of Michigan, in either the Grand Rapids or Kalamazoo divisions of the United States District Court, pursuant to 28 U.S.C. § 1404(a). On September 8, 2009, Schumacher filed a response in opposition. On September 15, 2009, Carl Steen filed a reply to his motion to transfer.

On September 8, 2009, Schumacher filed a motion to dismiss Carl Steen's cross claims. On September 22, 2009, Carl Steen filed a response in opposition. On September 24, 2009, Schumacher filed a reply.

On September 17, 2009, this Court ordered the parties to submit a statement regarding subject matter jurisdiction. In particular, this Court required the parties to discuss whether

federal jurisdiction applied to Schumacher's claim and to articulate whether diversity jurisdiction remains following Schumacher's relocation to Michigan and the addition of Carl Steen to the action.

On September 24, 2009, Schumacher filed her statement, arguing that federal question jurisdiction is appropriate because the insurance policy in question was "an employee welfare benefit plan" and therefore subject to the statutory protections of ERISA. Although Schumacher admits that she did not assert federal question jurisdiction in her initial complaint, Schumacher notes that she acknowledged federal question jurisdiction in her cross-claim, pursuant to ERISA statutory provisions. Simultaneous with her statement, Schumacher filed a motion to amend her cross claim to add a clear statement regarding federal question jurisdiction, pursuant to ERISA, 29 U.S.C. § 1132(e)(1). Schumacher's statement was silent regarding diversity jurisdiction.

On September 29, 2009, Carl Steen filed his statement, contending that jurisdiction could not be established under either federal question or diversity jurisdiction. Specifically, Carl Steen asserted that federal question jurisdiction was inapplicable because Schumacher failed to plead federal question jurisdiction under ERISA as part of her original complaint. In addition, Carl Steen argued that diversity jurisdiction was lost when Carl Steen was added as a defendant, following removal of this case to this Court. On October 8, 2009, Carl Steen filed a response to Schumacher's motion to amend, asserting arguments similar to those in his jurisdiction statement.

This Court may enter a ruling on these matters based on the parties' consent and 28 U.S.C. § 636(c).

## II.     ANALYSIS

### A.     Subject Matter Jurisdiction

In addition to granting interpleader relief, this Court's order, on August 26, 2009, expressly indicated that this Court had subject matter jurisdiction over the case. See Doc. No. 18. Although this Court's order never directly stated that federal question jurisdiction was established pursuant to ERISA law, the language of this Court's order suggested that ERISA was implicated. In particular, this Court's order noted that David Steen "participated in an employee welfare benefit plan, sponsored and maintained by his employer with basic life term insurance benefits underwritten by Principal Life . . . ". Further, this Court's order noted that, before leaving his employment, David Steen purchased a conversion life insurance policy with a face value of $94,000 and named Schumacher as the designated beneficiary. Finally, the order indicated that the purpose of this suit was to resolve competing claims to the policy proceeds.

Such language, indicating that this Court's primary involvement in this matter is to determine the distribution of funds from an employer-based welfare plan, strongly suggests that ERISA statutory provisions will be implicated to resolve the claims and that federal question is established regardless of diversity of citizenship. See 29 U.S.C. § 1132(a) and 29 U.S.C. § 1132(f). See also 29 U.S.C. § 1002 (defining "employee welfare plan" to include life insurance plans that are established or maintained by an employer); Metro. Life Ins. Co. v. Johnson, 297 F.3d 558 (7th Cir. 2002) (court resolved the issue of disputed beneficiary status, in regards to an employer-based life insurance policy, pursuant to governing ERISA statutory provisions).

Neither party challenges these basic findings of this Court's prior order. Accordingly, absent a showing to the contrary, this Court finds that this Court's previous characterizations of

5

the disputed life insurance policy as an "employee welfare benefit plan, sponsored and maintained by [David Steen's] employer with basic life term insurance benefits underwritten by Principal Life" is accurate. In addition, although Carl Steen's cross claims address common law arguments affecting ultimate use of the policy proceeds, this Court concludes that this case is primarily concerned with resolving the distribution of the policy proceeds under the express terms of the plan. As such, this Court concludes that Schumacher's claim is properly characterized as an ERISA suit for distribution of life insurance proceeds, properly within this Court under federal question jurisdiction.

In addition, this Court notes that, although not conclusive on the issue of establishing subject matter jurisdiction, the parties themselves have all previously acknowledged federal question jurisdiction in this case, expressly noting that ERISA provisions are implicated by Schumacher's claim. Principal first asserted federal question jurisdiction, under ERISA, pursuant to removal. Although Schumacher failed to claim federal question jurisdiction in her original complaint, Schumacher additionally asserted federal question jurisdiction, pursuant to ERISA statutory provisions, in her cross claim. Similarly, Carl Steen also admitted federal question jurisdiction in his cross claim.

Despite his prior assertions, however, Carl Steen now contends that federal question was never established because Schumacher failed to indicate the applicability of ERISA in her original complaint. Regardless of Carl Steen's argument that Schumacher's complaint was deficient to establish federal question jurisdiction, however, this Court notes that such deficiencies can be cured by permitting Schumacher leave to file an amendment to the Complaint. Indeed, this Court notes that the Federal Rules of Civil Procedure allow for liberal

amendment of pleadings, particularly to cure jurisdictional defects. Northlake Cmty. Hosp. v. U.S., 654 F.2d 1234, 1240 (7th Cir. 1981) (citing 3 Moore's Fed. Practice § 15.10 (2d ed. 1980)). See also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). As such, this Court now **GRANTS** Schumacher's motion to amend her cross claim to provide a clear statement of federal question jurisdiction. [Doc. No. 29].

In addition, this Court concludes that, despite the addition of Carl Steen to this action and the change in Schumacher's residence, leaving both remaining parties as citizens of Michigan, diversity jurisdiction remains in effect in this case.[1] In most cases, diversity jurisdiction is determined at the time the complaint is filed, and subsequent changes to the residency of the parties does not destroy diversity jurisdiction. Genebacher v. Centurytel Fiber Company II, LLC, 500 F.Supp.2d 1014, 1015 (C.D. Ill. 2007). However, when dealing with a case which was removed from state court to federal court, the Court must review diversity jurisdiction at the time the case was filed and at the time the case was removed to federal court. Kanzelberger v. Kanzelberger, 782 F.2d 774, 776-77 (7th Cir. 1986).

In this case, complete diversity existed, sufficient to establish diversity jurisdiction, at the time the complaint was filed and at the time of removal. Carl Steen was not a party when the complaint was filed and was not added as party until nearly a month after Principal removed this case to this Court. Further, Carl Steen did not file an answer until nearly two months after the complaint had been removed to this Court. As such, although subsequent events have left the

---

[1] This Court notes that, having concluded that federal question jurisdiction has been established, it need not rule on the issue of diversity jurisdiction. See 29 U.S.C. 1132(f) ("The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action."). However, in order to show that jurisdiction can be established on either ground, this Court proceeds with a brief analysis on diversity jurisdiction.

unusual circumstance of two cross claimants who are both residents of Michigan, diversity jurisdiction is still valid in this case.

      B.      <u>Motion to Transfer</u>

Carl Steen asserts that, because the remaining parties are both residing in the state of Michigan, the Western District of Michigan is a more convenient forum for the resolution of this matter. As such, Carl Steen contends that this Court should exercise its discretion and transfer this case, pursuant to 28 U.S.C. § 1404(a). Schumacher responds that, although she is a resident of Michigan, her chosen forum in the Northern District of Indiana is more convenient because Schumacher lives only a short distance from the Indiana-Michigan border.

A district court may transfer a civil action to any other district when it would serve the convenience of the parties and witnesses and would be in the interests of justice. 28 U.S.C. § 1404(a). In order to meet these requirements, the party moving for the transfer of venue must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. <u>Gen. Accident Ins. Co. v. Travelers Corp.</u>, 666 F.Supp. 1203, 1206 (N.D. Ill. 1987). Both parties agree that venue is proper in this, the transferor, Court. However, Schumacher contends that venue is not proper in the Western District of Michigan, the transferee Court.

This Court is not persuaded by Schumacher's argument for several reasons. To begin, Schumacher does not argue that she could not have brought her own original complaint in Michigan. Indeed, this Court notes that Schumacher could have brought her original complaint in *any* state where Principal conducts its business. Under ERISA, venue is proper "in the district

8

where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . . " 29 U.S.C. § 1132(e)(2). Cent. States, Se. and Sw. Areas Pension Fund v. John R. Concrete and Supply Co., 2008 WL 4066399, *2 (N.D. Ill. 2008). Schumacher does not dispute Carl Steen's contention that Principal is a large insurance company that does business in all fifty states, including Michigan. In addition, Schumacher acknowledges that Carl Steen, the owner of the policy in dispute, resides in Michigan. As such, there is little question that Schumacher could have brought her original claim, against Principal Life Insurance, in the Western District of Michigan. Consequently, venue in the transferee, Western District of Michigan is proper.

Instead of the traditional challenge to venue, however, Schumacher puzzlingly asserts that venue is not proper in Michigan because Carl Steen's counter claim is not a viable claim. Reiterating her arguments from her motion to dismiss, Schumacher notes that ERISA law requires that the express policy provisions control the distribution of funds and therefore argues that, because Carl Steen is not a named beneficiary but rather a mere owner of the policy, Carl Steen does not have standing to challenge distribution of the policy proceeds. As such, Schumacher argues that Carl Steen should not be able to bring his cross claim either in this Court or in the Western District of Michigan. Put differently, Schumacher maintains that her ERISA claim is the only legitimate claim before this Court and that, therefore, this venue, in which she originally brought her claim, is the only proper venue for this case.

Without addressing the substance of Schumacher's arguments regarding the viability of Carl Steen's cross claims, which this Court will address more substantively when resolving Schumacher's motion to dismiss, this Court notes that Schumacher misinterprets the standard for

9

establishing venue in the transferee district. The law in this regard is well established that, "a district court may transfer any civil action to any other district or division *where it might have been brought*." 28 U.S.C. § 1404. <u>Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.</u>, 212 F.3d 1031 (7th Cir. 2000) (emphasis added). Because this Court has already determined that Schumacher could have originally brought her claim in the Western District of Michigan, this Court finds venue in the transferee district to be proper, regardless of the viability of Carl Steen's cross claims. Consequently, Schumacher's unusual argument that venue is improper in the Western District of Michigan, because Carl Steen does not have standing to challenge her ERISA claim, is therefore not persuasive.

Simply because this Court concludes that this case could have been brought in the Western District of Michigan, however, does not mean that this Court automatically concludes that a transfer is appropriate. Instead, when venue is proper, as it is in this case, and a party requests transfer, this Court must next consider the convenience of the venue. <u>See</u> <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 219 (7th Cir. 1986); <u>Anderson v. Norman Rice Painting, Inc.</u>, 2003 WL 22053107 at 1 (N.D. Ill. 2003). In particular, this Court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice before reaching a conclusion regarding transfer. <u>See</u> 28 U.S.C. § 1404(a).

When evaluating the convenience of the parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. <u>Law Bulletin Publ'g, Co. v. LRP Publications, Inc.</u>, 992 F.Supp. 1014, 1017 (N.D. Ill. 1998). Carl Steen, as the movant, has the burden of establishing

10

that the proposed forum is more convenient than the current forum. See Coffey, 796 F.2d at 219-20.

Carl Steen primarily argues that Michigan is the more convenient forum because the remaining parties, Mr. Steen and Schumacher, both currently reside in Michigan. Schumacher responds that, although she now resides in Michigan, her chosen forum in Indiana is more convenient than the Michigan courts proffered by Carl Steen. In support, Schumacher notes that her home is only a short, thirty minute commute from the District Court in South Bend, Indiana and argues that the commute to one of the Michigan Courts, suggested by Carl Steen, would require a much longer commute. In addition, Schumacher emphasizes the ease in traveling to South Bend by noting that she works in South Bend during the week and enrolls her child in a South Bend school. Carl Steen replies that, despite Schumacher's assertions to the contrary, Michigan is still the more convenient forum, arguing that Schumacher has availed herself of the Michigan state courts to address family law issues. As such, Carl Steen contends that moving the case to Michigan federal courts would not be inconvenient to Schumacher.

A plaintiff's chosen forum is entitled to substantial deference, particularly where the chosen forum is the plaintiff's home forum. Law Bulletin Publ'g, Co., 992 F.Supp. at 1017. However, where the plaintiff's chosen forum is not the situs of material events, plaintiff's chosen forum is entitled to less deference. Id. Although Schumacher now resides in Michigan, this Court is not persuaded that a District Court in Michigan would be a more convenient venue in this matter. This Court agrees that, despite Schumacher's Michigan address, the District Court in South Bend, Indiana is closer to her home and work and is, therefore, more convenient to her. As such, this Court is additionally not persuaded that Schumacher's decision to utilize a local

11

Michigan state court for family law matters in any way detracts from Schumacher's argument that having to travel and make use of a District Court in Michigan, several hours from Schumacher's home, would be less convenient for her than utilizing the District Court in South Bend, Indiana.

Consequently, this Court concludes that Carl Steen has failed in his burden to persuade this Court that a District Court in the Western District of Michigan would be a more convenient forum for the resolution of this action. Instead, this Court holds that it is more convenient and in the interests of justice that this matter remain in this Court. Therefore, for the aforementioned reasons, this Court now **DENIES** Carl Steens' motion to transfer. [Doc. No. 15].

C. Motion to Dismiss

Schumacher challenges Carl Steen's cross claims under both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(1), Schumacher argues that Carl Steen does not have standing to challenge the distribution of the policy proceeds under ERISA, either as owner of the policy on his own behalf or as a third-party on behalf of his grandson. Alternatively, under Rule 12(b)(6), Schumacher argues that Carl Steen's state law cross claims are preempted by ERISA law and are otherwise unsustainable under relevant state law. Carl Steen asserts that he is not challenging distribution of the policy proceeds and asserts that his cross claims are not based on ERISA law. Rather, Carl Steen argues that his cross claims are independent state law claims, asserted to recover damages that he personally incurred in reliance upon Schumacher's contractual promises regarding the ultimate use, and not distribution, of the policy proceeds. More specifically, Carl Steen contends that Schumacher had agreed to place the distributed proceeds in a trust for her son, David Mack Steen, but later recanted on the agreement, after Carl

12

Steen had spent considerable money setting up the trust. In his response, Carl Steen maintains that his cross claims are narrowly aimed at enforcing the contract regarding the ultimate use of the proceeds and at recovering monetary damages, personally-incurred while setting up the trust.

    1.    <u>Dismissal under Rule 12(b)(1)</u>

Fed. R. Civ. P. 12(b)(1) authorizes dismissal of claims in which the Court has no subject matter jurisdiction. In analyzing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the pleadings and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. <u>Long v. Shorebank Dev. Corp.</u>, 182 F.3d 548, 554 (7th Cir. 1999). The court must "presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." <u>Id</u>. However, the court will accept that party's well pled factual allegations as true and draw reasonable inferences in his favor. <u>Capital Leasing Co. v. Fed. Deposit Ins. Corp.</u>, 999 F.2d 188, 190 (7th Cir. 1993).

In his response, Carl Steen admits that he is not challenging disbursement of the policy proceeds and asserts that his cross claims in, no way, impede upon Schumacher's rights regarding the distribution of the policy proceeds under ERISA. <u>See</u> Doc. No. 27 at 3 ("The two claims brought by Steen against Schumacher are independent causes of action which are unassociated with any claims to the Policy proceeds or alleged ERISA implications as claimed by Schumacher."). In contrast, Carl Steen maintains that his claims are independent of Schumacher's federal ERISA claim regarding *distribution* and are, rather, pendant state law claims affecting the ultimate *use* of the policy proceeds. In particular, Carl Steen contends that his cross claims for breach of contract and detrimental reliance seek to enforce a contract between Schumacher and Carl Steen to place the distributed proceeds in trust for David Mack

13

Steen. In addition, Carl Steen argues that his cross claims seek monetary damages for costs that Carl Steen incurred while setting up the trust on David Mack Steen's behalf. Carl Steen asserts that the injuries alleged are personal to him and contends, therefore, that he meets the constitutional and jurisdictional requirements for standing.

This Court notes that Schumacher's arguments for dismissal under Rule12(b)(1) for lack of standing are centered completely around Schumacher's characterization of Carl Steen's cross claims as personal and/or third-party challenges to Schumacher's claim for distribution of the policy proceeds under ERISA. Further, this Court notes that, after Carl Steen disclaimed any challenge to Schumacher's claim for the distribution of the policy proceeds in his response brief, Schumacher dropped the argument regarding lack of standing in her reply.

Following the parties' lead on this issue, this Court accepts the parties' representations regarding standing in this case. Although Schumacher initially argued that this case is primarily an ERISA case, it is evident, based on Carl Steen's representation of his cross claims, that this case also involves post-disbursement issues, which do not directly challenge distribution of the proceeds under ERISA but, nevertheless, affect the ultimate use of the policy proceeds. Because Carl Steen has not asserted a challenge to Schumacher's distribution claim to the policy proceeds, the issue of Carl Steen's ability to raise such a challenge, either on his own behalf or on behalf of David Mack Steen is moot. Instead, Carl Steen has standing to bring his pendant state law claims of breach of contract and detrimental reliance for injuries incurred to Carl Steen as a result of an alleged breach of contract between Schumacher and Carl Steen.

    2.    <u>Dismissal under Rule 12(b)(6)</u>

Alternatively, Schumacher seeks dismissal of Carl Steen's cross claims, either as preempted by relevant ERISA federal case law or as not viable under relevant state case law. Fed. R. Civ. P. 12(b)(6) authorizes dismissal if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Challenger v. Ironworkers Local No. 1, 619 F.2d 645, 649 (7th Cir. 1980). In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court accepts all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true. Jackson v. E.J. Brach Corp., 176 F.3d 971, 977 (7th Cir. 1999). A party's claims are subject to dismissal only if it is clear that he can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. Scott v. City of Chi., 195 F.3d 950, 951 (7th Cir. 1999). The Court is not required to accept a party's legal conclusions. Fries v. Helsper, 146 F.3d 452, 456 (7th Cir. 1998), cert. denied 525 U.S. 930 (1998).

To begin, Schumacher challenges Carl Steen's reliance on an email between the parties to support his cross claim. The email, attached to Carl Steen's response brief, indirectly addresses the parties' discussions regarding setting up a trust for David Mack Steen with the policy proceeds. Schumacher characterizes the email as a document used in the process of settlement negotiations and, therefore, attempts, without directly moving to strike the document, to challenge Carl Steen's use of the email to substantiate the viability of his cross claims. Schumacher's argument is misplaced, however, as Schumacher seems to confuse the scope of this Court's review under a motion to dismiss with that of a motion for summary judgment. Pursuant to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this Court accepts all well-plead factual allegations in the complaint as true. See Jackson, 176 F.3d at 977. As such, unlike a

motion for summary judgment, when resolving a motion to dismiss, this Court does not weigh the relative strength and weakness of the evidence presented by Carl Steen to substantiate his cross claims. Instead, it is sufficient for the purposes of the immediate motion, that Carl Steen alleged in his cross claim that a contract to place the distributed funds into trust existed between the parties and that Carl Steen incurred personal damages while relying on Schumacher's promises. As a result, at this stage, this Court is not concerned with assessing the strength or admissibility of Carl Steen's evidence to support his cross claims.

Schumacher's next argument for dismissal is that Carl Steen's state law claims are preempted by ERISA law. "ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plans regulation would be exclusively a federal concern." McDonald v. Household Int'l, Inc., 425 F.3d 424, 428 (7th Cir. 2005). Specifically, section 514(a) of the ERISA statute states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Id. (quoting 29 U.S.C. § 1144(a)). Schumacher's argument in this regard is similar to her arguments regarding standing, in that Schumacher once again frames Carl Steen's cross claims as direct challenges to the distribution of the policy proceeds under ERISA.

In response, Carl Steen repeats his contention that his cross claims do not challenge Schumacher's right to distribution of the policy proceeds under ERISA. Instead, Carl Steen reasserts his argument that his pendant state law claims affect the ultimate use of the distributed policy proceeds and are, therefore, independent and not preempted by Schumacher's ERISA claim. In support, Carl Steen cites Hall v. Hall, in which a federal district court noted that ERISA preemption of state law does not apply when a party raises a state law contract claim

16

which does not challenge the distribution of proceeds under ERISA. Hall v. Hall, 2009 WL 2837720, *2-3 (E.D. Pa. 2009) (holding that the state law contract claim, challenging the ultimate ownership of already distributed proceeds from an employer-based 401(k) plan, did not raise federal questions sufficient to justify removal of the claim to federal court).

In reply, Schumacher does not challenge the holding of the Hall Court, but rather attempts to frame Carl Steen's contractual cross claims as a "waiver" issue under ERISA common law. Specifically, Schumacher cites to Melton v. Melton, in which this Circuit held that a beneficiary can waive distribution of ERISA plan proceeds on behalf of another only if the alleged waiver is "explicit, voluntary, and made in good faith." See Melton v. Melton, 324 F.3d 941, 945-46 (7th Cir. 2003).

This Court does not agree with Schumacher's characterization of Carl Steen's cross claims as an attempt to enforce a waiver agreement, however. Carl Steen has repeatedly disclaimed any challenge to the *distribution* of the life insurance proceeds to Schumacher, the named beneficiary on the life insurance policy, under ERISA. Indeed, this Court has already accepted Carl Steen's representations in this regard, while resolving Schumacher's challenge to standing. Instead, this Court has previously concluded that Carl Steen's cross claims raise state law contractual arguments regarding the ultimate *use* of the proceeds which do not challenge distribution of the policy proceeds. As such, this Court considers this case to be closer to Hall than Melton, in that Carl Steen is not challenging distribution of the proceeds, an issue clearly pre-empted by ERISA, but rather ultimate use of the distributed proceeds, an issue not pre-empted by ERISA law. As such, this Court concludes that Carl Steen's pendant state law cross claims are not preempted by ERISA.

17

Alternatively, in her reply brief, Schumacher additionally argues for dismissal of Carl Steen's cross claims under Rule 12(b)(6), challenging, for the first time, the viability of Carl Steen's state law claims under relevant common law defenses. To begin, this Court considers Schumacher's arguments in this regard, asserted for the first time in her reply brief, to be disfavored. First, such late-asserted arguments do not provide Carl Steen an opportunity to respond. Second, given the unresolved choice of law issues surrounding Carl Steen's state law claims, potentially implicating statutory and common law from three different states, Schumacher's thinly-briefed and one-sided arguments make it difficult for this Court to resolve the issues with certainty that this Court is applying the appropriate state's law. Indeed, even Schumacher acknowledges this difficulty, asserting "[u]nder these circumstances, it is difficult to determine with certainty which State's law governs . . .." See Doc. No. 30 at 4.

Schumacher primarily argues that both Carl Steen's breach of oral contract and estoppel claims are foreclosed by the statute of frauds defenses of both Michigan and Indiana. However, because Carl Steen has not had an opportunity to clarify whether the alleged contract was truly "oral" and not supported by any written documents between the parties, this Court can not definitively determine whether a statute of frauds analysis is appropriate at this time. Further, although the law of Michigan would seem to foreclose Carl Steen's estoppel cross claim via a statute of frauds defense, it appears that the same is not true under the law of Indiana. Accordingly, without a clear understanding as to which state law applies to the resolution of Carl Steen's estoppel claim, this Court can not engage in a meaningful resolution of the motion to dismiss Carl Steen's estoppel claim. Because Schumacher's late-filed argument forecloses the

18

possibility of a response from Carl Steen on these issues, this Court will not attempt to resolve them at this time.

Consequently, because this Court has determined that dismissal of Carl Steen's cross claims is not appropriate under either Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6), this Court now **DENIES** Schumacher's motion to dismiss. [Doc. No. 29].

### III. CONCLUSION

For the aforementioned reasons, this Court now **GRANTS** Schumacher's motion to amend the complaint to provide a clear statement of federal question jurisdiction. [Doc. No. 29]. In addition, this Court now **DENIES** Carl Steen's motion to transfer. [Doc. No. 15]. Finally, this Court **DENIES** Schumacher's motion to dismiss. [Doc. No. 22].

**SO ORDERED.**

**Dated this 13th Day of October, 2009.**

                                             S/Christopher A. Nuechterlein
                                             Christopher A. Nuechterlein
                                             United States Magistrate Judge